UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA           )
                                   )
          Respondent,              )
                                   )
V.                                 )        Docket No. 3:06-cr-00129-JCH
                                   )
BRUCE FOREST,                      )        Civil No. 08-
                                   )
                                   )        May 20, 2008
          Movant/Petitioner.       )


PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. §2255


### Introduction

The petitioner, Bruce Forest, through his undersigned counsel, submits this memorandum of law in support of his motion to vacate his sentence pursuant to 28 U.S.C. §2255. On May 23, 2007 he was sentenced to a mandatory minimum term of 60 months imprisonment under 18 U.S.C. §844(i) for causing property damage to a portable toilet by means of an explosive device. See United States v. Forest, Crim. No. 3:06-cr-00129-JCH.

Petitioner states in summary that his sentence was imposed in violation of his 6th Amendment right to the effective assistance of counsel in that his trial attorney failed to adequately advise him of the existence of a viable defense to the indictments against him. Specifically, counsel did not adequately advise him of the requirements for proof of the

1

necessary commerce nexus in light of Jones v. United States, 529 U.S. 848 (2000) and its progeny and, in addition, failed to adequately investigate the factual basis for presenting such a viable defense. As a result, petitioner's guilty plea was not made knowingly and voluntarily and consequently both it and the judgment imposed on him must be vacated. Petitioner adds that the government should be judicially estopped in any proceedings under this petition from advancing a factual basis for the commerce nexus inconsistent with its position at his Rule 11 change of plea hearing in the underlying criminal action.

### Procedural History

A fourteen count indictment was returned in this Court against the petitioner on May 11, 2006. Docket #2. ("D-")[1]. It charged him with seven counts of malicious damage to and destruction of property used in an activity affecting interstate commerce by an explosive device in violation of 18 U.S.C. §844(i) and seven counts of the use and discharge of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1).

---

[1] References to the record herein are cited as follows: Docket entries, "D-____; Plea Agreement, "Plea Agree. ¶_____"; Change of Plea hearing transcript, "Plea Tr. Page/line"; Sentencing hearing transcript, "Sent. Tr. Page/line" and Presentence Investigative Report, "PSR, (¶)". Any exhibits are referred to by their number and hearing reference, other documents by their description. All docket references are to petitioner's underlying criminal case, 3:06-cr-00129-JCH.

On February 12, 2007, pursuant to a plea agreement with the government, petitioner pled guilty to Count Seven of the indictment which charged him with destruction of a portable toilet located in the Town of Weston, Connecticut on or about February 21, 2006. The remaining counts were dismissed on the government's motion after sentencing. D-58. On May 23, 2007 the petitioner was sentenced to a minimum mandatory term of 60 months imprisonment under 18 U.S.C. §844(i), three years of supervised release, a fine of $5,000 and a special assessment of $100 (Hall, D.J.). Id. Petitioner filed a notice of appeal on June 11, 2007 (D-61) but that appeal (No. 07-2488-cr) was dismissed by a joint stipulation of the parties in the United States Court of Appeals for the Second Circuit on November 8, 2007. This petition follows. Petitioner is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio.

### Statement of Relevant Facts

The facts in this section are taken from the Presentence Report ("PSR") and are accepted by the petitioner except where qualifying language is used. On March 24, 2006 an explosion was reported near an abandoned school in Norfolk, Connecticut. The explosion damaged the front door of the school building. PSR (15). Witnesses were reported to have observed a grey or silver BMW automobile departing the scene and called the police. Later on that date, an explosion was reported in a wooded area near an

3

abandoned gas station in the nearby town of Weston.  The force of the blast allegedly broke a window in the gas station.  Id. (16).  While investigating the latter incident, Weston police officers observed petitioner's grey BMW vehicle allegedly traveling at a high rate of speed on Georgetown Road in Weston.  They followed the vehicle to petitioner's residence in Weston where he was ordered out of the car.  A search of the vehicle revealed two rifles, one with a laser sight and light attached, some spent shell casings, and powder in a clear bottle.  Id. (17).

There had been a series of explosions with some damage to two other portable toilets and a road sign in Weston and the neighboring town of Redding over a period of several months prior to the March 24 incidents.  PSR (8),(9).  Various interviews were conducted by law enforcement authorities with the petitioner at his Weston home in unrelated matters in January, 2006 and on March 23.  Id. (12).  On those occasions the officers observed the petitioner's gun collection and supply of tannerite, a substance used as a pyrotechnic device which explodes when fired upon, often used for target practice at firing ranges.  Id. (12).

Based on that information, the supposed similarity of petitioner's vehicle to the one seen leaving the scene of the explosion earlier that day in Norwalk, and the discovery of the aforementioned items in his car, the Weston officers arrested the petitioner on March 24 on state charges of manufacture of a bomb,

4

third degree arson and possession of a dangerous weapon. PSR (17). [2]

**The Plea Agreement and Rule 11 Colloquy.**

On February 12, 2007, pursuant to the plea agreement, Tab 1, attached, the petitioner pled guilty to Count Seven of the indictment charging him with malicious damage to a portable toilet resulting from an explosion on February 21, 2006 in Weston.  During the plea colloquy, the prosecutor stated to the court that the toilet had been purchased from its manufacturer in Minnesota and transported to Connecticut where it was rented to a local water authority.  Plea Tr. 29:17 - 30:1.  The authority [3] placed it on its lands "for persons who hiked in those lands and for persons who stopped their car at the roadway for the purpose of using a portable potty."  Id.  The court (Hall, D.J.) then expressly asked the government to describe, "how was the property used in interstate commerce or in an activity affecting interstate commerce?"  Id.  31:20.  In pertinent part, the exchange continued as follows:

MR. RING:    "Your Honor, I have a couple citations in front of me United States versus Logan.  The 419 F.3d 172, 2005 Second Circuit case and another case is United States versus Williams which is a Third Circuit case of 2002 with the cite of 299 F.3d 250.

_____

[2]    The state charges assumably were dismissed upon the return of the federal indictment.

[3]    The Aquarion Water Company. See infra.

5

In regard to Logan, the court held as I understand it that where a building is -- excuse me. Where a building is rental property, that's sufficient as proof to prove that the property is used in interstate commerce or an activity affecting interstate commerce.

...

THE COURT:    What roadway was this portable potty on? You said it was used by people who were on a roadway would stop and use it.

MR. RING:    If I may have a moment, the water company, by the way, which I referenced earlier Aquarion Water Company. And if I can have [a] moment I will find the roadway. I believe it was Route 53 your Honor.

THE COURT:    Connecticut Route 53?

MR. RING:    Yes, Your Honor.

THE COURT:    So it was accessible not only to people who were using water company property but it was accessible to the public to people who drove along the road?

MR. RING:    This was right off the road. I believe visible from the road.

THE COURT:    That's fine. Then I'm satisfied."

Id. 31:23 - 33:5.

The petitioner admitted his guilt to count seven without apparent equivocation and did not dispute the factual recital by the government. Petitioner's plea agreement contained the following waiver of both his direct appeal and the right to collaterally attack his conviction or sentence as long as the term of imprisonment did not exceed five years.

"c.    Waiver of Right to Appeal
       or Collaterally Attack Sentence

       The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and

6

sentence.  It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. 2255 and/or 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 5 years, even if the Court imposes such a sentence based on an analysis different from that specified above.  The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights."

Plea Agreement, Tab 1, p. 3.

During the plea colloquy, the court advised the petitioner that he ordinarily could not appeal his conviction after pleading guilty, Plea Tr. 19:11-23, and that, per the agreement, he was giving up his right to appeal any sentence of five years or less. Id. 20:17-22.  Similarly, it reviewed with petitioner his waiver of his right to collaterally attack his conviction or sentence. Id.  20:20, et seq.  Petitioner acknowledged that he had read the plea agreement and discussed it with trial counsel who had answered completely any questions he had about it.  Id. 25:6-15.

**Affidavits in Support of 2255 Motion.**

The petitioner submits three affidavits with the instant petition.  They are his own (Tab 2), one from trial counsel, Bernard Grossberg, Esquire (Tab 3) and one from private investigator Joseph Lutz (Tab 4).  Their particulars will be referred to as appropriate within the argument section of this memorandum.

### Argument

**Preliminary: Waiver of §2255 Attack in Plea Agreement.**

7

Before arguing the merits of his claim of ineffective assistance of counsel, it is incumbent on petitioner to show no bar to this collateral attack due to the waiver contained in the plea agreement. Waivers using essentially the same pertinent language as the one in this agreement have been enforced in the second circuit. See e.g. Garcia-Santos v. United States, 272 F.3d 506, 509 (2d Cir. 2006). Although, in Garcia-Santos the defendant/petitioner also asserted a claim of ineffective assistance of counsel as a basis for his 2255 motion, that case is distinguishable from this one. Garcia-Santos merely alleged ineffectiveness because his lawyer failed to argue at disposition that his sentence was unfairly disparate compared to his co-defendants. Id. Here, petitioner asserts that his guilty plea was rendered unknowing and involuntary by his attorney's failure to properly investigate and adequately advise him of a potentially successful defense to the underlying indictment. Such a defect may render a plea involuntary and unknowing. See Hill v. Lockhart, 474 U.S. 52, 56 (1985)("voluntariness of plea depends on whether counsel's advice was within range of competence demanded of attorneys in criminal cases.", citing McMann v. Richardson, 397 U.S. 759, 771 (1970)); Cf. United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995)(ineffectiveness of counsel in not advising defendant of viable defense of statute of limitations rendered guilty plea involuntary and unknowing and

8

vitiated waiver of defense resulting from plea).  As will be seen from the following discussion, the performance of petitioner's counsel in advising him regarding the guilty plea was both defective, for lack of a substantial investigation of a viable defense and subsequent failure to adequately advise of that defense, and prejudicial, in that, but for such failures, petitioner would have insisted on going to trial.  Hill, 474 U.S. at 59.

I.    **Petitioner's Guilty Plea was Not Knowing and Voluntary Due to the Ineffective Assistance of Trial Counsel and Therefore Must be Vacated.**

### Legal Standard

The Sixth Amendment [4] guarantees a defendant in a criminal case the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). The effectiveness of counsel is determined by a two part inquiry. Id. at 687.  A defendant must show, first, that his "counsel's representation fell below an objective standard of reasonableness," Id. at 688, and, second, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

---

[4]    "In all capital cases and felony prosecutions, the accused shall enjoy the right to a fair and public trial by a jury of his peers, the assistance of counsel at every stage of the proceedings, and a unanimous verdict beyond a reasonable doubt."  Amendment VI, U.S. Cons.

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Id. at 698. Reasonable strategic decisions do not violate the standard even though they may turn out to be unsuccessful.

A defendant seeking to vacate a guilty plea based on ineffective assistance of counsel must show a reasonable probability that, but for his attorney's deficiency, he would not have pled guilty but, rather, would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Mitchell v. Scully, 746 F.2d 951, 957 (2d Cir. 1984).

The validity of a guilty plea depends on whether it is "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Thus, again, where a defendant enters his guilty plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded by attorneys in criminal cases'." Hill, supra, 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970).