Judicial estoppel is an equitable doctrine. Zedner v. United States, 547 U.S. 489, 504 (2002). "Judicial estoppel is a doctrine which forbids a party from advancing contradictory factual positions in separate proceedings." AXA Marine & Aviation Ins. (UK) Ltd. v. Seajet Industries, Inc. 84 F.3d 622, 628 (2d Cir. 1996). The purposes of the judicial estoppel doctrine are to "protect the sanctity of the oath" and to "protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." Simon v. Safelite Gas Corp., 128 F.3d 68, 71 (2d Cir. 1997).

To obtain judicial estoppel a party must show that its adversary advanced an inconsistent factual position in a prior proceeding which was adopted in some manner by the prior court. Wight v. BankAmerica Corp., 219 F.3d 79, 90 (2d Cir. 2000)(citing AXA Marine & Aviation Ins., supra). The factual positions or statements must be truly inconsistent. Simon 128 F.3d at 73 ("If there is a way to reconcile them there is no occasion to apply an estoppel.");see also AXA Marine, 84 F.3d at 628. There is an exception "when the first statement was the result of a good faith mistake or an unintentional error". United States v. Hussein, 178 F.3d 125, 130 (2d Cir. 1999)(citing Simon, 128 F.3d at 71).

In applying these criteria to the instant case, petitioner must admittedly take an anticipatory position. The government,

21

after all, has not yet been asked to advance any position in the present action.  It seems logical, however, that if it abandons the rental real estate nexus it must point to some other activity affecting interstate commerce.  In order to do so, it will likely have to catalogue any number of ways in which the port-a-potty , in question might have been used in an activity affecting interstate commerce.  The only examples cited at the Rule 11 hearing were 1) manufacture in Minnesota, 2) transport to Connecticut, and 3) to answer a call of nature by recreational hikers and travelers on a nearby state thoroughfare.  Petitioner suggests that any other factual premise which should be submitted in this action to meet the commerce element of §844(i) must be barred by judicial estoppel.

The Rule 11 court pointedly asked the prosecution in the underlying case what the commerce connection was.  The government responded as above without any qualifying or conditional language. In effect, it said 'these grounds and no other'.  In that context any new factual basis for the nexus would be inconsistent with the government's prior position.  To permit a proffer of additional facts now would be to weaken the integrity of the judicial system.  It would sanction inconsistent results in similar cases.  A possible rebuttal to this line of reasoning might be that additional examples of qualifying activities would not be truly inconsistent with the prior enumeration of, say, 3

22

of 8 arguable examples.  Rather, it would be merely an amplification of those few previously alluded to.  But that is like saying that an elderly person given a glancing blow by an 18 wheeler in a cross-walk died of old age as well as blunt impact.  True, a diminished resilience due to age might have been present but it is unimaginable that the death certificate would include it as a contributing cause.  Just so in the present circumstances.  The government was obligated to give the basis in fact for the requisite commerce nexus in the criminal case.  It did so as particularized above and in the statement of relevant facts, *ante*.  Any change in that basis now would be inconsistent with its earlier position.

The other elements of judicial estoppel are also present here.  Clearly, these are two separate and distinct proceedings; one a criminal prosecution and the instant case a civil matter.  Finally, it is also obvious from the record that the government's position at the Rule 11 hearing was accepted by the court.  In fact, the court, although perhaps somewhat skeptical at first, was literally persuaded by the prosecuting attorney's response in highlighting the points mentioned above: "That's fine.  Then I'm satisfied."  Plea Tr. 33:5. (Emphasis supplied).  For these reasons, petitioner suggests that judicial estoppel will be applicable in this case and that even after any possible development of the record it will dictate that respondent is

23

confined to its original factual commerce nexus advanced on February 12, 2007.

## Conclusion

For the reasons stated above, petitioner respectfully requests that this motion be allowed and that his judgment of conviction be vacated and this matter returned to the trial docket of this Court.

Respectfully submitted,

BRUCE FOREST,
By his attorneys,

Raymond E. Gillespie
Mass. B.B.O. #192300
875 Massachusetts Avenue,
Suite 32
Cambridge, MA 02139
(617) 661-3222

Fed.Bar #192300 USDC-MA
Fax: 617-441-9088
rgillespie1@prodigy.net

Joined by Local Counsel:

Raymond J. Rigat, Esquire
23 East Main Street
Clinton, CT 06413
(860) 669-3273
Fed.Bar #13320 USDC-CT
Fax: 860-669-3495
raymondjrigat@sbcglobal.net

memo_2255

24

Proof of Service

I, Raymond E. Gillespie, attorney for movant/petitioner, Bruce Forest, hereby certify that I served the foregoing Motion to Vacate Judgment Pursuant to 28 U.S.C. §2255, and Memorandum of Law, including attached affidavits, on the respondent by mailing copies thereof to David A. Ring, Esquire, Assistant United States Attorney, 450 Main Street, Hartford, CT 06103 on May 20, 2008:

_____
Raymond E. Gillespie

25